UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUANE BELL,

        Petitioner,

v.                           Case No. 11-15348

MITCHELL PERRY,

        Respondent.
                                    /

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, TERMINATING AS MOOT PETITIONER'S "MOTION TO STAY PROCEEDINGS" AND "MOTION REQUESTING DISQUALIFICATION OF THE MICHIGAN ATTORNEY GENERAL," AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Petitioner Duane Bell filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, currently incarcerated at the Newberry Correctional Facility in Newberry, Michigan, challenges his convictions for assault with intent to do great bodily harm and felony firearm, second offense. Respondent has filed a Motion for Summary Judgment on the ground that the petition was not timely filed. The court agrees and will grant the motion.

**I. BACKGROUND**

Petitioner pleaded guilty in Wayne County Circuit Court to the offenses noted above. In exchange for the plea, the prosecutor dismissed charges of assault with intent to rob while armed and felon in possession of a firearm, and agreed to a sentence of two-and-a-half-to-ten years in prison for the assault conviction and five years in prison for the felony-firearm conviction. Plea Hr'g Tr. 3-4, Aug. 2, 2005, Dkt. # 8-2. On

September 9, 2005, Petitioner was sentenced in accordance with the plea agreement. *See* Docket Sheet for *State v. Bell*, No. 05-003663, Dkt. # 8-1.

Petitioner did not file a direct appeal from his convictions. Instead, on June 27, 2007, he filed a motion for relief from judgment in the trial court. The trial court denied the motion on July 11, 2007. *People v. Bell*, No. 05-3663 (Wayne Cnty. Cir. Ct. July 11, 2007), Dkt. # 8-3, at 3-4. Petitioner sought a delayed application for leave to appeal in the Michigan Court of Appeals, which denied leave to appeal on June 9, 2008. *People v. Bell*, No. 280017 (Mich. Ct. App. June 9, 2008), Dkt. # 8-3, at 1. Petitioner's application for leave to appeal to the Michigan Supreme Court was not accepted for filing because it was a late application. Davis Aff. ¶ 2, Apr. 17, 2012, Dkt. # 8-4.

Petitioner filed a second motion for relief from judgment in the trial court on November 23, 2010. *See* Docket Sheet. The trial court rejected the motion pursuant to Michigan Court Rule 6.502(G), which limits a party to one motion for relief from judgment unless the movant demonstrates a retroactive change in the law or newly-discovered evidence. *People v. Bell*, No. 05-3663 (Wayne Cnty. Cir. Ct. Dec. 7, 2010), Dkt. # 1, at 16. Petitioner did not file an application for leave to appeal in the Michigan Court of Appeals or the Michigan Supreme Court.

Petitioner filed the present habeas petition on November 21, 2011. Respondent has filed a motion for summary judgment.

## II. DISCUSSION

Respondent argues that summary judgment should be granted because the petition was not timely filed. The Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA") imposes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Subsections (1)(A) and (1)(D) are relevant to a determination of the timeliness of this petition. Petitioner did not file a direct appeal in the Michigan Court of Appeals. Under subsection (A), his convictions became final on September 9, 2006, when the one-year limitations period for filing a delayed application for leave to appeal in the Michigan Court of Appeals expired pursuant Michigan Court Rule 7.205(F)(3).[1] *Williams*

---

[1] In 2011, Rule 7.205(F)(3) was amended to shorten the limitations period for filing a late application for leave to appeal from twelve months to six months. Because

*v. Birkett*, 670 F.3d 729, 731 (6th Cir. 2012). The limitations period for filing a habeas corpus petition commenced on September 10, 2006, and continued to run until Petitioner filed a motion for relief from judgment in the trial court on June 27, 2007. The filing of that motion tolled the limitations period with approximately three months remaining. The trial court denied that motion on July 11, 2007, and the Michigan Court of Appeals denied leave to appeal on June 9, 2008. Petitioner's application for leave to appeal to the Michigan Supreme Court was rejected because it was not filed within fifty-six days as required by Michigan Court Rule 7.302(C)(2)(b). An untimely application for leave to appeal does not toll the one-year statute of limitations. *See Evans v. Chavis*, 546 U.S. 189, 197 (2006) (referencing *Carey v. Saffold*, 536 U.S. 214 (2002)). Thus, the limitations period resumed running on June 9, 2008, when the Michigan Court of Appeals denied leave to appeal. The three months that remained of the limitations period elapsed without Petitioner filing a motion in state court or a federal habeas petition. The petition, filed about three years after the limitations period expired, is untimely.

Petitioner argues that the limitations period did not begin to run until he discovered the factual predicate for certain of his claims that are based upon newly-discovered evidence. 28 U.S.C. § 2244(d)(1)(D). The claims that are purportedly newly discovered were raised in Petitioner's second motion for relief from judgment, which he signed on October 19, 2010. Assuming that the date he signed his second motion for relief from judgment is the earliest date on which the factual predicate for those claims

---

Petitioner's conviction became final prior to this change in the rule, the twelve-month limitations period is applicable here.

4

was discoverable, the petition is still untimely. Petitioner's second motion for relief from judgment was returned without filing under Michigan Court Rule 6.502(G)'s ban on successive motions. The motion, therefore, was not "properly filed" and did not toll the limitations period. *Williams v. Birkett*, 670 F.3d 729, 735-36 (6th Cir. 2012) (holding that second post-conviction motion denied under Mich. Ct. R. 6.502(G) did not toll AEDPA's one-year time limitation because it was not "properly filed"). Thus, the limitations period for Petitioner's "newly discover" claims commenced, at the latest, on October 19, 2010, and continued to run until it expired one year later.

Finally, Petitioner argues that Michigan Supreme Court Clerk Corbin Davis' affidavit stating that the application for leave to appeal to the Michigan Supreme Court was not accepted for filing because it was a late application is "perjured testimony." Petitioner states that he never filed an application for leave to appeal in the Michigan Supreme Court. Instead, he states that he filed a two-page letter of complaint asking the Michigan Supreme Court to appoint appellate counsel and that Corbin Davis incorrectly characterized the letter as an application for leave to appeal. This argument does not help Petitioner's cause. Whether the letter was correctly characterized as an application for leave to appeal has no bearing on the timeliness of the habeas petition. The date on which the limitations period resumed running, when the Michigan Court of Appeals denied leave to appeal (June 8, 2008), is the same regardless of whether Petitioner failed to file any application for leave to appeal to the Michigan Supreme Court or filed a late application that was rejected for filing. The habeas petition was filed outside of AEDPA's one-year limitations period, and summary judgment is appropriate.

### III. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. Fed. R. App. P. 22(b)(1). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." R. Gov. § 2254 Cases 11(a).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. *Id.* § 2253(c)(3); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (alteration in original) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

In this case, the court concludes that reasonable jurists would not debate the court's conclusion that the petition is untimely. Therefore, the court denies a certificate of appealability.

## IV.  CONCLUSION

For the reasons state above, IT IS ORDERED that Respondent's motion for summary judgment [Dkt. # 7] is GRANTED and the petition for a writ of habeas corpus [Dkt. # 1] is DISMISSED.

IT IS FURTHER ORDERED that Petitioner's "Motion to Stay Proceedings" [Dkt. # 2] and "Motion Requesting Disqualification of the Michigan Attorney General" [Dkt. # 5] are TERMINATED AS MOOT.

IT IS FURTHER ORDERED that the court DECLINES to issue a certificate of appealability.

  s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  July 31, 2012


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 31, 2012, by electronic and/or ordinary mail.

  s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522

C:\Documents and Settings\wagner\Local Settings\Temp\notes6030C8\11-15348.BELL.2254GrantSummaryJudgment.mbc.set.wpd